BURT & a. v. RANDLETT & a.

The dower and homestead estates of a widow are included in the moiety of her deceased husband's real estate, which she takes in fee under the provisions of Gen. St., c. 183, s. 8.

PETITION for partition. The question presented by the agreed statement of facts is, whether the dower and homestead estates of a widow are included in, or are in addition to, the moiety of her deceased husband's real estate, which she takes in fee under the provisions of Gen. St., c. 183, s. 8.

*A. W. Sawyer*, for the petitioners.

*Stevens & Parker* and *W. H. Anderson* (of Massachusetts), for the petitionees.

SMITH, J. By Rev. St., c. 165, s. 9, the widow of every person deceased, intestate, leaving no lineal descendants, was entitled to one half of all the estate remaining after payment of debts and expenses of administration, in addition to her dower. This has been held to mean one half of the real estate in fee, and one half of the personal estate absolutely remaining after payment of debts, &c. *Robinson* v. *Tuttle*, 37 N. H. 243.

By Gen. St., c. 183, s. 8, the widow of every person deceased, intestate, leaving no lineal descendants, is entitled to one half of all the estate remaining after payment of debts and expenses of administration, including her dower and homestead.

The change in the language of the latter statute is not verbal merely. This appears not only from the report of the commissioners to revise the statutes in 1867, but the natural construction of the language indicates the intention of the legislature to include the dower and homestead estate of the widow in the moiety which she takes in fee, except where these two estates are more than one half of the real estate. In this case, if the dower and homestead set off to the widow are one half or more than one half of the real estate, she has all of the real estate she is entitled to. If they are less than one half, she is entitled to enough more to make her share one half. Whether they are one half, or more, or less, is a question to be determined by the committee of partition. If she is entitled to more, it should first be made up out of the reversion.

*Case discharged.*

STANLEY J., did not sit: the others concurred.